UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO LOPEZ,<br><br>        Plaintiff,<br>v.<br><br>CHULA VISTA POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 07cv1272-WQH (BLM)<br><br>**ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**<br><br>**[Doc. No. 24]** |

On May 23, 2008, the parties jointly requested that the Court extend the expert designation and disclosure deadlines, as well as the discovery cut-off date. Doc. No. 24. Having considered the extensions proposed in light of the overall schedule in the case, the parties' joint motion is hereby **GRANTED**.

1. Each party shall serve on all opposing parties a list of experts whom that party expects to call at trial, on or before **June 13, 2008**. Each party may supplement its designation in response to the other party's designation no later than **June 27, 2008**. Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the

expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

2. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **August 15, 2008**. Any contradictory or rebuttal information shall be disclosed on or before **August 28, 2008**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

The parties are advised to consult with Fed. R. Civ. P. 26(a)(2) regarding expert disclosures. Such disclosures shall include an expert report, all supporting materials, a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the expert in forming the opinions, any exhibits to be used as a summary of or as support for the opinions, the qualifications of the witness including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony, and a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

///
///

This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. All discovery, including expert discovery, shall be completed by all parties on or before **October 17, 2008**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed by the cut-off date</u>, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rules 16.5(k) and 26.1(a). **<u>All discovery motions shall be filed within thirty (30) days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than sixty (60) days after the date upon which the event giving rise to the discovery dispute occurred.</u>** For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is either the service of the response, or, if no response was served, the initial date the response was due.

///

**In addition, all discovery motions must be filed within thirty (30) days after the close of discovery.**

All other dates and deadlines shall remain as previously set.

**IT IS SO ORDERED.**

DATED:  May 27, 2008

*Barbara F. Major*

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE WILLIAM Q. HAYES
U.S. DISTRICT JUDGE

ALL COUNSEL