1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | SERGIO LOPEZ, ) | CASE NO. 07 CV 01272 WQH BLM |
| 11 | Plaintiff, ) | |
| 12 | v. ) | **PROTECTIVE ORDER** |
| 13 | CHULA VISTA POLICE DEPARTMENT, )<br>a municipal sub-agency of the COUNTY OF) | |
| 14 | SAN DIEGO, CITY OF CHULA VISTA, a )<br>municipal corporation, RICHARD ) | |
| 15 | EMERSON, D. CLARK, an individual, G. )<br>ARMSTRONG, an individual, D. ) | |
| 16 | MARTINEZ, an individual, SERGEANT )<br>GUTHRIE, an individual SERGEANT ) | |
| 17 | FOBES, an individual, DOES 1-20, )<br>inclusive, ) | |
| 18 | ) | |
| 19 | Defendants. )<br>_____ ) | |

20       Plaintiff Sergio Lopez, along with Defendants City of Chula Vista, Chula Vista Police

21 Department, Richard Emerson, D. Clark, G. Armstrong, D. Martinez, Sergeant Guthrie, and

22 Sergeant Fobes, respectfully submit this Joint Motion for Stipulated Protective Order.  The

23 proposed Protective Order is as follows:

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Disclosure and discovery activity in this action involves production of confidential, proprietary, or private information (hereinafter the "Protected Documents") for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

WHEREAS, the parties to this action, without conceding privacy, confidentiality, sensitivity or the proprietary nature of such documents, wish to have access to the Protected Documents for the sole purpose of prosecuting and defending this action; and

WHEREAS, the parties contend that they could suffer irreparable harm if their respective Protected Documents or their contents were subjected to unauthorized disclosure.

NOW, THEREFORE, the parties to this action hereby stipulate as follows:

1.    The following definitions apply:

1.1    Party or Parties: Shall refer to any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2    Disclosure, Discovery Material, or Protected Document: Includes all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.3    Expert: Refers to any person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.4    Professional Vendors: Includes persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and

-2-

1    subcontractors.

2         2.    The Protected Documents to be produced subject to this Protective Order shall, prior

3    to being produced by any party hereto, be stamped with a notation on each page thereof, stating the

4    following:

5              PROTECTED DOCUMENTS
               *Sergio Lopez v. City of Chula Vista Police Dept., et al.,*
6              Case No. 07 CV 01272 WQH BLM
               This document is subject to a protective order.  Unauthorized disclosure is prohibited.

7

8         3.    Parties receiving copies of the Protected Documents shall treat the documents and their

9    contents as confidential, to be used only for the purposes of this litigation.  In particular, parties shall

10   not give, show or disclose the contents of any such document to any other person or entity, except:

11             (a)    The Court, *in camera* or under seal;

12             (b)    Other lawyers, paralegals or staff employed by counsel's office to whom its
                      disclosure is deemed necessary for the prosecution or defense of this action;
13

14             (c)    The parties, or their officers, directors or employees to whom disclosure is
                      deemed necessary for the prosecution or defense of this action;

15             (d)    Experts retained by counsel to assist in the preparation of this case for trial.
                      Disclosure of the identity of said consultants provided by Paragraph 4 below
16                    shall not be deemed a waiver of the attorney/client or attorney work-product
                      privileges, nor a disclosure of expert witnesses pursuant to Code of Civil
17                    Procedure § 2034.

18        4.     Prior to providing or disclosing Protected Documents to any person described in

19   subparagraphs 3(b)-(d), counsel shall first inform such person that the Protected Documents are to be

20   treated as confidential, to be used only for the purposes of this litigation, and that these restrictions

21   are imposed by Court Order.

22        5.     Before providing the Protected Documents to any person pursuant to Paragraph 3

23   hereof, counsel shall first provide such person with a copy of this Protective Order and shall have such

24   person execute an acknowledgment and agreement to be bound by the terms of this Protective Order

25   in the following form:

26   / / /

27   / / /

28   / / /

-3-

<u>ACKNOWLEDGMENT AND AGREEMENT REGARDING PROTECTED DOCUMENTS</u>

The undersigned acknowledges that a Protective Order has been entered in United States District Court in the Southern District of California Case No. 07 CV 01272 WQH BLM entitled *Sergio Lopez v. City of Chula Vista Police Dept., et al.* The undersigned acknowledges that he/she/it has received and read a copy of the Protective Order, understands the contents thereof, and agrees to be bound by its terms. The undersigned acknowledges that a violation of the terms of this Protective Order could subject the undersigned to sanctions or damages as provided by law. The undersigned expressly submits to the jurisdiction of the United States District Court in the Southern District of California, for purposes of any action which might be necessary to enforce the terms of this Protective Order.

Dated: _____  By:_____

Counsel shall retain such signed acknowledgment in its file, pending the final disposition of this action.

6.      The disclosure or production by the parties of the Protected Documents pursuant to this Protective Order shall not be deemed to concede the relevancy, competency or admissibility of any document or of any matter set forth therein, and is not intended to be a waiver of any privilege.

7.      If any party hereto files with the Court any Protected Document or any document that contains, incorporates, reproduces, excerpts or discloses the contents of any Protected Document, or the substance thereof, its confidential nature shall be disclosed on the first page of such document and it shall be filed with the Court *in camera* only, and under seal.

7.1      Before any Protected Documents are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal.

8.      The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

8.1.      The protections of this Order shall apply retroactively to all documents produced by any party prior to entry of this Order.

9.      Even after the termination of this litigation, the confidentiality obligations imposed by

-4-

this Order shall remain in effect until a party or the parties agree otherwise in writing or a court order otherwise directs.

10.     If timely corrected, an inadvertent failure to designate qualified information or items as "Protected Documents" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Protected Documents" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

11.     A Party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

        11.1.   A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a  motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

12.    Parties may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16, below.

12.1.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

13.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as a "Protected Document" the receiving party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

13.1.    The receiving party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

13.2.    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

14.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected

-6-

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

15.    Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.

16.    Unless otherwise ordered or agreed in writing by the producing party, within sixty days after the final termination of this action, each receiving party must return all Protected Material to the producing party.

17.    Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

18.    By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

19.    The Court may modify this Order *sua sponte* in the interest of justice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-7-

1    20.    This Order is subject to further court orders based upon public

2    policy and other considerations.

3

4    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6    DATED: October 6, 2008          By    /s/ Eugene G. Iredale
                                            Eugene G. Iredale, Esq.
7                                           Attorney for Plaintiff  SERGIO LOPEZ

8

9    DATED: October 6, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP

10
                                     By    /s/ Peter L. Garchie
11                                          Peter L. Garchie, Esq.
                                            Attorney for Defendant CITY OF CHULA VISTA,
12                                          CHULA VISTA POLICE DEPARTMENT, RICHARD
                                            EMERSON, D. CLARK, G. ARMSTRONG, D.
13                                          MARTINEZ,   SERGEANT   GUTHRIE   and
                                            SERGEANT FOBES
14

15          IT IS SO ORDERED.

16   DATED:  October 16, 2008

17

18                                   BARBARA L. MAJOR
                                     United States Magistrate Judge
19

20

21

22

23

24

25

26

27

28