UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO LOPEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>CHULA VISTA POLICE DEPARTMENT, a municipal sub-agency of the COUNTY OF SAN DIEGO, CITY OF CHULA VISTA, a municipal corporation, RICHARD EMERSON, D. CLARK, an individual, G. ARMSTRONG, an individual, D. MARTINEZ, an individual, SERGEANT GUTHRIE, an individual SERGEANT FOBES, an individual, DOES 1-20, inclusive,<br><br>            Defendants. | CASE NO. 07 CV 01272-WQH-BLM<br><br>**AMENDED** PROTECTIVE ORDER |
| U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>            Interested Party. | |

Plaintiff Sergio Lopez, along with Defendants City of Chula Vista, Chula Vista Police Department, Richard Emerson, D. Clark, G. Armstrong, D. Martinez, Sergeant Guthrie, and Sergeant Fobes, **and Interested Party the U.S. Department of Homeland Security ("DHS")** respectfully submit this Joint Motion for Amended Protective Order. This proposed Amended Protective Order, **which shall supersede the Protective Order dated October 16, 2008**, is as follows:

Disclosure and discovery activity in this action involves production of confidential, proprietary, or private information (hereinafter "**Protected Documents/Information**") for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation would be warranted. **DHS is concerned about certain information described below, which may be subject to the Privacy Act, 5 U.S.C. § 552a, since it concerns the ongoing investigation of certain immigration crimes. Some of the information may reveal a confidential informant, and some information may reveal various techniques and methods which, if disclosed, could compromise the ongoing investigations and others like it. As authorized by 5 U.S.C. § 552a(b)(11), the Court therefore enters this Amended Protective Order to govern the disclosure of said documents/information in this proceeding.**

Accordingly, the parties and DHS hereby stipulate to and petition the court to enter the following Amended Protective Order.

WHEREAS, the parties to this action, without conceding privacy, confidentiality, sensitivity or the proprietary nature of such documents, wish to have access to the Protected Documents/Information for the sole purpose of prosecuting and defending this action; and

WHEREAS, the parties **and DHS** contend that they could suffer irreparable harm if their respective Protected Documents/Information or their contents were subjected to unauthorized disclosure.

NOW, THEREFORE, the parties to this action **and DHS** hereby stipulate as follows:

1. The following definitions apply:

    1.1 <u>Party or Parties</u>: Shall refer to any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2 <u>Disclosure, Discovery Material, or Protected Documents/Information</u>: Includes all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

///

1.3     Expert:  Refers to any person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.4     Professional Vendors: Includes persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.      The Protected Documents/Information to be produced subject to this Amended Protective Order shall, prior to being produced by any party hereto, be stamped with a notation on each page thereof, stating the following:

Protected Documents/Information
*Sergio Lopez v. City of Chula Vista Police Dept., et al.,*
Case No. 07 CV 01272 WQH BLM
This document is subject to a protective order.  Unauthorized disclosure is prohibited.

**2.1. The following is a list of Protected Documents/Information subject to the terms of this Order that has thus far been identified and which may be disclosed pursuant to this Order without further order of the Court:**

**2.1.a. The Enforcement Operation Plan, Case No. SY15BR07SY0002 (five pages), plus attached Mapquest printouts dated 10/17/06 (6 pages)**

**2.1.b.  Undated memorandum from Plaintiff Sergio Lopez to Miguel Unzueta re "Arrest by Chula Vista Police on October 18, 2006" (2 pages)**

**2.1.c. Deposition Testimony of Border Patrol Agent Marc Gonzalez**

**2.1.d. Deposition Testimony of ICE Agent Ed Coderes**

**2.1.e. Deposition testimony of ICE Agent Thomas Miller**

**2.1.f. Deposition testimony of ICE Agent John Mulvey**

**2.1.g. Deposition testimony of ICE Agent Lester Hayes**

**2.1.h. Deposition testimony of Plaintiff Sergio Lopez**

**2.1.i. Deposition testimony of Agent Jay Montes**

*///*

**2.2.** Apart from the Protected Documents/Information described in paragraph 2.1 above, the parties shall not otherwise disclose any information that concerns the operation described in the Enforcement Operation Plan, including but not limited to its target, nature, type, objectives, manner of execution, information sought, information obtained, and communications sent or received without first obtaining from the Court an order, upon appropriate motion, permitting such disclosure. DHS shall be notified through the undersigned counsel of all such motions in this cases as if it were a party to the action.

**2.3.** DHS's undersigned counsel shall be notified, in advance, of all interviews, depositions, and productions of documents involving employees of the U.S. Government in this case, other than interviews of Plaintiff by his own attorneys.

**2.4.** Protection Documents/Information that has already been produced in this action shall be stamped as indicated above.

**2.5.** Parties shall stipulate in all future depositions that the cover page of the deposition shall contain such notation in all capital letters, bold-faced.

3. Parties receiving copies of the Protected Documents/Information shall treat the documents and their contents as confidential, to be used only for the purposes of this litigation. **Protected Documents/Information shall not be used for any purpose other then preparation and trial of this case, or in connection with settlement proceedings. The documents protected hereunder may be disclose to the following persons only:**

**a. The signatories;**

**b. Bona fide employees of the signatories, while assisting in accomplishment of the foregoing purposes, with disclosure only to the extent necessary to enable them to perform same;**

**c. The experts, investigators or consultants or others retained by the parties, while assisting in accomplishment of the aforementioned purposes, with disclosure only to the extent necessary to enable them to perform same;**

**d. Non-retained experts;**

**e. Any person who gives testimony in the action, during deposition or trial; however, the**

1 **materials may not be thereafter retained by any such person;**

2     **f. The Court,** *in camera* **or under seal.**

3     Experts retained by counsel to assist in the preparation of this case for trial. Disclosure of the identity of said consultants provided by Paragraph 4 below shall not be deemed a waiver of the attorney/client or attorney work-product privileges, nor a disclosure of expert witnesses pursuant to Code of Civil Procedure § 2034.

    4. Prior to providing or disclosing Protected Documents/Information to any person described in Paragraph 3, counsel shall first inform such person that the Protected Documents/Information are to be treated as confidential, to be used only for the purposes of this litigation, and that these restrictions are imposed by Court Order.

    5. Before providing the Protected Documents/Information to any person pursuant to Paragraph 3 hereof, counsel shall first provide such person with a copy of this Amended Protective Order and shall have such person execute an acknowledgment and agreement to be bound by the terms of this Amended Protective Order in the following form:

> ACKNOWLEDGMENT AND AGREEMENT REGARDING PROTECTED DOCUMENTS/INFORMATION
>
> The undersigned acknowledges that a Protective Order has been entered in United States District Court in the Southern District of California Case No. 07 CV 01272 WQH BLM entitled *Sergio Lopez v. City of Chula Vista Police Dept., et al.* The undersigned acknowledges that he/she/it has received and read a copy of the Protective Order, understands the contents thereof, and agrees to be bound by its terms. The undersigned acknowledges that a violation of the terms of this Protective Order could subject the undersigned to sanctions or damages as provided by law. The undersigned expressly submits to the jurisdiction of the United States District Court in the Southern District of California, for purposes of any action which might be necessary to enforce the terms of this Protective Order.
>
> Dated: _____ By:_____

Counsel shall retain such signed acknowledgment in its file, pending the final disposition of this action.

    6. The disclosure or production by the parties of the Protected Documents/Information pursuant to this Amended Protective Order shall not be deemed to concede the relevancy, competency

or admissibility of any document or of any matter set forth therein, and is not intended to be a waiver of any privilege.

7. If any party hereto files with the Court any Protected Document/Information or any document that contains, incorporates, reproduces, excerpts or discloses the contents of any Protected Document, or the substance thereof, its confidential nature shall be disclosed on the first page of such document and it shall be filed with the Court *in camera* only, and under seal.

8. The protections conferred by this Order cover not only Protected Documents/Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Documents/Information.

    8.1. The protections of this Order shall apply retroactively to all documents/information produced by any party prior to entry of this Order.

9. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a party or the parties agree otherwise in writing or a court order otherwise directs.

10. If timely corrected, an inadvertent failure to designate qualified information or items as "Protected Documents/Information" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Protected Documents/Information" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

11. A Party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to

explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      11.1.    A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

12.    Parties may use Protected Documents/Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Documents/Information may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16, below.

      12.1.    Protected Documents/Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

13.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as a Protected Document or Protected Information, the receiving party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

///

13.1.   The receiving party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Amended Protective Order. In addition, the receiving party must deliver a copy of this Amended Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

13.2.   The purpose of imposing these duties is to alert the interested parties to the existence of this Amended Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

14.   If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Documents/Information to any person or in any circumstance not authorized under this Amended Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Documents/Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

15.   Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Documents/Information.

16.   Unless otherwise ordered or agreed in writing by the producing party, within sixty days after the final termination of this action, each receiving party must return all Protected Documents/Information to the producing party.

17.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

18. By stipulating to the entry of this Amended Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Amended Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Amended Protective Order.

19. The Court may modify this Order *sua sponte* in the interest of justice.

20. This Order is subject to further court orders based upon public policy and other considerations.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD **AND DHS**.

DATED:                                          By    /s/ Eugene G. Iredale
                                                      Eugene G. Iredale, Esq.
                                                      Attorney for Plaintiff SERGIO LOPEZ

DATED:                                                LEWIS BRISBOIS BISGAARD & SMITH LLP

                                                By    /s/ Peter L. Garchie
                                                      Peter L. Garchie, Esq.
                                                      Attorney for Defendant CITY OF CHULA VISTA, CHULA VISTA POLICE DEPARTMENT, RICHARD EMERSON, D. CLARK, G. ARMSTRONG, D. MARTINEZ, SERGEANT GUTHRIE and SERGEANT FOBES

DATED:                                          By    KAREN P. HEWITT
                                                      United States Attorney

                                                      /s/ Samuel W. Bettwy
                                                      SAMUEL W. BETTWY
                                                      Assistant U.S. Attorney

                                                      Attorneys for Interested Party
                                                      U.S. Department of Homeland Security

Before any Protected Documents are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal.

**IT IS SO ORDERED.**

DATED: October 21, 2008

                                                      BARBARA L. MAJOR
                                                      United States Magistrate Judge