1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SERGIO LOPEZ, an individual,                          CASE NO. 07cv1272-WQH-BLM

12                                      Plaintiff,         ORDER

          vs.
13   CHULA VISTA POLICE DEPARTMENT, a
     municipal sub-agency of the COUNTY OF
14   SAN DIEGO, the CITY OF CHULA VISTA,
     a municipal corporation, RICHARD
15   EMERSON, D. CLARK, an individual, G.
     ARMSTRONG, an individual, D.
16   MARTINEZ, an individual, Sergeant
     GUTHRIE, an individual, Sergeant FOBES,
17   an individual, and DOES 1-20, inclusive ,

18                                      Defendant.

19   HAYES, Judge:

20          The matter before the Court is the motion for leave to amend the complaint (Doc. # 32) filed

21   by Plaintiff Sergio Lopez.

22                              **PROCEDURAL HISTORY**

23          On July 13, 2007, Plaintiff Sergio Lopez filed a complaint (Doc. # 1) against the Chula Vista

24   Police Department, the City of Chula Vista, Richard Emerson, D. Clark, G. Armstrong, D. Martinez,

25   Sergeant Guthrie, and Sergeant Fobes.  On November 6, 2007, Plaintiff filed a first amended

26   complaint (Doc. # 3) against Defendants for (1) false arrest, (2) excessive force, (3) failure to properly

27   screen and hire, (4) failure to train, (5) failure to supervise and discipline, (6) *Monell* liability for a

28   pattern of brutality, (7) *Monell* liability for failure to properly investigate complaint, (8) assault and

                                        - 1 -                              07cv1272-WQH-BLM

1  battery, (9) intentional infliction of emotional distress, and (1) violation of the UNRUH Act pursuant

2  to California Civil Code § 52.1.  (Doc. # 3).  On December 13, 2007, Defendants filed an answer

3  (Doc. # 17) to the amended complaint.  On February 25, 2008, the Magistrate Judge  held a case

4  management conference with the parties pursuant to Rule 16 of the Federal Rules of Civil Procedure.

5  (Doc # 23).  The Magistrate Judge issued a case management conference order regulating discovery

6  and setting a March 31, 2008 deadline for filing any motion to amend the pleadings or to file

7  additional pleadings.  (Doc. # 22).  The order stated that "the dates and times set forth herein will not

8  be modified except for good cause shown."  (Doc. # 22 at 8).

9        On May 23, 2008, the parties filed a joint motion for an extension of time to complete

10  discovery. (Doc. # 24). The Magistrate Judge granted the motion, ordering discovery to be completed

11  by October 17, 2008.  (Doc. # 25).  On August 7, 2008, the parties filed a second joint motion for an

12  extension of time to complete discovery.  (Doc. 27).  The Magistrate Judge granted the motion,

13  ordering all fact discovery to be completed by October 24, 2008, and all expert discovery to be

14  completed by November 7, 2008.  (Doc. # 29).  On September 18, 2008, Plaintiff filed a motion for

15  leave to amend the complaint.  (Doc. # 32).  On October 14, 2008, Defendants filed a response in

16  opposition to the motion to amend the complaint.  (Doc. # 39).  On October 20, 2008, Plaintiff filed

17  a reply in support of the motion to amend the complaint.  (Doc. # 45).

18                                              **DISCUSSION**

19        Plaintiff moves for leave to amend the complaint by adding a negligence cause of action

20  pursuant to Fed. R. Civ. P. 15(a).  (Doc. # 32 at 3).  Plaintiff explains that on September 11, 2008,

21  Chula Vista Police Chief Emerson gave deposition testimony regarding certain facts which

22  Plaintiff believes could give rise to a negligence cause of action.

23        Defendants oppose leave to amend and in the alternative, request the Court to extend the

24  time for discovery to permit Defendants adequate opportunity to engage in discovery relating to a

25  cause of action for negligence.  (Doc. # 39).  Defendants contend that the deadline for amending

26  pleadings expired on March 31, 2008 and that the liberal standard for allowing amendments to

27  pleadings under Rule 15(a) no longer applies.  Defendants assert that this Court may only allow

28  Plaintiff to amend the complaint upon a showing of good cause pursuant to Fed. R. Civ. P. § 16.

1   Defendants assert that they will be severely prejudiced as they will have been denied the

2   opportunity to engage in discovery and prepare a defense to the alleged negligence.  Defendants

3   further contend that adding a cause of action for negligence would be futile because Defendants

4   are government entitles and government employees and are immune from negligence pursuant to

5   Government Code § 815.

6        Although Plaintiff has not expressly moved for a modification under Rule 16(b), the

7   Plaintiff's motion for leave to amend the complaint impliedly requires this Court to modify the

8   March 31, 2008 deadline provided in the scheduling order.  A party seeking leave to amend the

9   complaint after the date specified in the scheduling order "must first show good cause for

10   amendment under Rule 16(b), then if good cause be shown, the party must demonstrate that

11   amendment was proper under Rule 15." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604,

12   608 (9th Cir. 1992) (citations omitted); Fed. R. Civ. P. 16(b)(4); *see also* Doc. # 22 (scheduling

13   order stating that dates may be modified for "good cause"). Good cause exits when the pretrial

14   schedule "cannot be reasonably met despite the diligence of the party seeking the extension."

15   *Johnson*, 975 F.2d at 609.  In this case, the facts giving rise to a potential negligence cause of

16   action were discovered during the September 10, 2008 deposition of Police Chief Richard P.

17   Emerson (Doc. # 45-4).  Plaintiff filed the motion for leave to amend the complaint to add a

18   negligence claim on September 18, 2008.  The deposition was taken well before the October 24,

19   2008 discovery cutoff date. The Court concludes that Plaintiff has made a sufficient showing of

20   good cause under Rule 16(b) to modify the March 31, 2008 deadline to amend his complaint.

21        Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely

22   given when justice so requires."  Fed. R. Civ. P. 15(a).  This policy is applied with "extraordinary

23   liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Once

24   an answer to the complaint has been filed, "leave to amend should be granted as unless amendment

25   would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue

26   delay." *Johnson*, 975 F.2d at 607.

27        In this case, the motion for leave to amend the complaint to add a negligence claim was

28   filed by Plaintiff eight days after discovering the relevant facts.  Plaintiff states that he "will agree

1  unilaterally to permit additional depositions, answer additional interrogatories, or produce

2  additional documents of any kind, bearing upon plaintiff's claim of negligence."  (Doc. # 25 at 3).

3  Further, the final pre-trial conference is not scheduled to take place until March 23, 2009.

4  Allowing Plaintiff to file a second amended complaint will not create undue delay and will not

5  unduly prejudice the Defendants.  The Court cannot conclude that the proposed amendments

6  would be futile based on the pleadings or that Plaintiff is proceeding in bad faith.

7                                              **CONCLUSION**

8           IT IS HEREBY ORDERED that the motion for leave to amend the complaint (Doc. # 32) filed

9  by Plaintiff is GRANTED.  Plaintiff shall file the Second Amended Complaint specifically set forth

10  in Document # 32-2 within 10 days of the date of this order.

11  DATED:  November 14, 2008

12                                                              _William Q. Hayes_
                                                         **WILLIAM Q. HAYES**
13                                                       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28