**LEWIS BRISBOIS BISGAARD & SMITH** LLP
PETER L. GARCHIE [SB# 105122]        E-Mail: garchie@lbbslaw.com
KAREN L. ROGAN   [SB# 235582]        E-Mail: rogan@lbbslaw.com
550 West "C" Street, Suite 800
San Diego, California 92101
Telephone: (619) 233-1006; Facsimile: (619) 233-8627

**CHULA VISTA CITY ATTORNEY**
BART MIESFELD [SB# 126056]        E-Mail: bmiesfeld@ci.chula-vista.ca.us
276 Fourth Avenue
Chula Vista, CA 91910
Telephone: (619) 585-5684; Facsimile: (619) 409-5823

Attorneys for Defendants, *D. CLARK, G. ARMSTRONG, D. MARTINEZ, SERGEANT GUTHRIE, SERGEANT FOBES, CITY OF CHULA VISTA and CHULA VISTA POLICE DEPARTMENT*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO LOPEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF CHULA VISTA POLICE DEPARTMENT, CITY OF CHULA VISTA, a municipal corporation, D. CLARK, an individual, G. ARMSTRONG, an individual, D. MARTINEZ, an individual, SERGEANT GUTHRIE, an individual, SERGEANT FOBES, an individual, DOES 1-20, inclusive,<br><br>                    Defendants. | CASE NO. 07-CV-01272 WQH BLM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, Ph.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.**<br><br>Hearing Date:  January 22, 2010<br>Time:              1:00 p.m.<br>Ctrm:             4<br>Judge:            Hon. William Q. Hayes<br><br>Trial Date:      February 23, 2010 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4829-2478-6693.1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

## TABLE OF CONTENTS

Page

I.   EACH OF DEFENDANTS' EXPERTS AND WRITTEN OPINIONS MEET THE REQUIREMENTS OF FRE AND *DAUBERT*, AND DO NOT INVADE THE JURY'S PROVINCE ........................ 1

II.  ARGUMENT ...................................... 4

a.   Plaintiff Misrepresents Facts Regarding Expert Reports .......... 4

b.   Plaintiff Misrepresents Facts Regarding Dr. Lewinski's Qualifications ............................... 5

c.   Sergeant Dale Bourgeois is Qualified and Provided a Relevant Opinion ................................... 8

d.   Pellegrino's Testimony and Opinion is Relevant and Based Upon FactsAvailable to Pellegrino At the Time Expert Reports Were Due .............................. 10

e.   Dr. Kalish's Opinion Is Based Upon Plaintiff's Own Medical Records Which Do Not State Plaintiff Has Any Distress or Injuries Related to the Incident And Therefore is Relevant ............................ 10

f.   Plaintiff Chose Not To Depose Defendants' Experts After Completion of All Party and Witness Depositions .......... 11

II.  CONCLUSION .................................... 12

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4829-2478-6693.1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

## TABLE OF AUTHORITIES

**Federal Cases**

*Andrews v. Metropolitan N.C.R. Co.* (2d Cir., 1989) 882 F.2d 705 ........................ 2

*Daubert v. Merrell Dow Pharms., Inc.* (1993) 509 U.S. 579 ............................ 2

*General Electric Co. v. Joiner* (1997) 522 U.S. 136 ................................ 2

*Kumho Tire Co. v. Carmichael* (1999) 526 U.S. 137 ................................ 2

*Nichols v. America National Insurance Co.* (8th Cir., 1998) 154 F.3d 875 ................. 2

*United States v. DiDomenico* (2nd Cir., 1993) 985 F.2d 1159 ......................... 2

**Other Authorities**

EDCV 07-806-VAP (JCRx) and *Humphrey v. Leatherman*, 2004-cv-00339 ............... 7

Federal Rules of Evidence ("FRE") Rule 401 ................................. 1,9

4829-2478-6693.1

-ii-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

. Defendants City of Chula Vista, Chula Vista Police Department, D. Clark, D. Martinez, G. Armstrong, Sergeant Guthrie and Sergeant Fobes ("Defendants"), submit the following Opposition to Plaintiff's motion *in limine* to exclude testimony of Defense experts Bill Lewinski, Ph.D. ("Lewinski"), Sgt. Dale Bourgeois ("Bourgeois"), E.J. Pellegrino ("Pellegrino"), and Mark Kalish, M.D., ("Kalish") and respectfully request that the Court deny Plaintiff's motion. Each of Defendants' experts are highly qualified, their respective written opinions regarding this case were based upon the evidence available at the time the expert reports were due, each expert opinion meets the standards set forth in Federal Rules of Evidence ("FRE") and *Daubert*, and Plaintiff declined to depose each of Defendants' experts after completion of all discovery. Had he done so, Plaintiff could have inquired as to the potential effect that subsequent depositions had on each expert's opinion.

## I.    EACH OF DEFENDANTS' EXPERTS AND WRITTEN OPINIONS MEET THE REQUIREMENTS OF FRE AND *DAUBERT*, AND DO NOT INVADE THE JURY'S PROVINCE

Federal Rules of Evidence ("FRE") Rule 401 defines "relevant evidence" as evidence which has any tendency to make the existence of any fact of consequence more probable or less probable that it would be without the evidence. Evidence which does not meet this standard is not relevant and inadmissible pursuant to FRE 402.  Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, unnecessary consumption of time, or because it is cumulative. FRE Rule 403.

The testimony of each of Defendants' experts relates to areas at the heart of this case: whether Defendant Officers' conduct was appropriate in response to Plaintiff's conduct, whether the amount of force used in detaining Plaintiff was excessive, and whether or not Plaintiff's civil rights were violated, and whether or not Plaintiff has suffered emotional distress as a result of the incident. The opinions complained of by Plaintiff address these issues as follows:

- Dr. Lewinski's written opinion addresses the psychological effect of Plaintiff's conduct on the response by Defendant Officers, which is relevant to determining whether or not conduct by Defendant Officers was justified and/or reasonable ·under the

4829-2478-6693.1                                    -1-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

circumstances. At a minimum, this opinion or testimony will tend to prove or disprove Plaintiff's claims against Defendants;

• Dale Bourgeois' opinion touches on undercover and surveillance operations and evaluates Plaintiff's conduct on the night of the incident, which is relevant at least to defense against Plaintiff's claims;

• Pellegrino's opinion discusses law enforcement training standards and violations of same during the incident, which are indisputably relevant to whether or not Defendant Officers violated Plaintiff's civil rights, or are liable for negligence and damages to Plaintiff.

• Dr. Kalish's opinion speaks to the lack of evidence that Plaintiff has suffered any emotional distress after he reviewed 5 sets of medical records from different treaters and entities identified by Plaintiff, and therefore is plainly relevant under all pertinent evidentiary rules.

(See Expert Opinions attached to Plaintiff's motion.)

With respect to expert testimony, evidentiary rules require that expert testimony be based upon "(1)...sufficient facts or data, (2)...reliable principles and methods, and (3) [application of] reliable principles and methods" to the facts of the case. FRE 702. District court judges have broad discretion in deciding whether to admit or exclude expert testimony pursuant to FRE 702. See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 141-142; *United States v. DiDomenico* (2nd Cir., 1993) 985 F.2d 1159, 1163. Expert opinion testimony is appropriate when the factual issue is one that the trier of fact would not ordinarily be able to resolve without technical or specialized assistance. See *Daubert v. Merrell Dow Pharms., Inc.* (1993) 509 U.S. 579, 591; *Kumho Tire Co. v. Carmichael* (1999) 526 U.S. 137, 156. If a jury is capable of drawing its own inferences from the available evidence, expert opinion testimony may not "assist the trier of fact." See *Nichols v. Am. Nat. 'l Ins. Co.* (8th Cir., 1998) 154 F.3d 875, 883; *Andrews v. Metro N.C.R. Co.* (2d Cir., 1989) 882 F.2d 705, 708.

Plaintiff's contention that each expert's opinions do not meet the criterion set forth under FRE 702 and/or *Daubert*, are without merit. Opinions regarding officer training, officer procedure, surveillance operations, appropriate officer response under the circumstances involved in this case

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4829-2478-6693.1                                    -2-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

are not factual issues that the trier of fact would ordinarily be able to resolve without specialized assistance from qualified experts in the field of law enforcement procedure, officer conduct standards, and use of force.  Training in officer reaction time, perception of circumstances and evaluation of danger posed, need for use of force require training in behavioral psychology and police psychology, and police training and *assist* the trier of fact in resolving issues central to the case.

Furthermore, Plaintiff's assertion that Defendants' experts offer no "factual" basis to support their opinions is without merit.  Plaintiff simply does not like that the opinions do not favor his case, which is not a valid basis for exclusion.  The argument that each expert dismissed Plaintiff's "version" of the incident similarly does not mean there is no factual basis. The parties dispute the facts of this case and the experts have to rely upon a synthesis of information provided by all parties and witnesses when forming their opinions.

More importantly, that Dr. Lewinski, Bourgeois, Pellegrino, and Dr. Kalish did not have Plaintiff's "version" of the events prior to issuing their opinions is Plaintiff's own doing. Defendants diligently pursued Plaintiff's deposition, but he did not make himself available until late October, 2008. (Rogan Decl., ¶¶ 2-11 and exhibits thereto.) Expert reports and supplemental reports were due in early and mid-September 2008. (Rogan Decl., ¶ 2.)  Plaintiff further could have ascertained the opinions of each expert after completion of Plaintiff's deposition and the depositions of the 7 federal agents working with Plaintiff on the night of the incident, but Plaintiff declined to depose all of Defendants' experts. (Rogan Decl., ¶¶ 10-11.)  Consequently, each expert relied upon facts available to them at the time each expert prepared his written opinion.  These items included Plaintiff's complaint, discovery responses, depositions of Defendant Officers, reports of Defendant Officers written in response to the incident, Chula Vista Police Department Call History Details, Plaintiff's medical records, and a memorandum from Plaintiff to his supervisor after the incident.  These documents were the extent of items available in this case at the time expert reports were due, and provide sufficient factual basis for each expert's written opinions. thus satisfying the requirements of FRE 702. It goes without saying, that each of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4829-2478-6693.1                                          -3-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

Defendants' experts will be prepared to comment at trial on any deposition testimony or documentary evidence generated since their written opinions were submitted.

## II.   ARGUMENT

### a.   Plaintiff Misrepresents Facts Regarding Expert Reports

Plaintiff is attempting to exclude testimony of Lewinski, Bourgeois, Pellegrino and Kalish on the grounds that their written reports rely too heavily on evidence generated by Defendants or which purportedly favors Defendants, and fail to consider Plaintiff's deposition testimony and the deposition testimony of 7 federal agents.   Plaintiff even asserts that Defendants' experts did not *request* deposition transcripts of Plaintiff and federal agents and therefore the written opinions are not based upon fact. However, Plaintiff's contentions are egregious misrepresentations to the Court. In reality, although Defendant Officers made themselves available for deposition early in the case, ***Plaintiff delayed in making himself available for deposition until nearly two months after expert reports were due***, in spite of Defendants' relentless requests for his deposition and several amended notices. (See Declaration of Karen Rogan ["Rogan Decl."] filed concurrently herewith at ¶¶ 2-4 and 10 and exhibits thereto.)  Defendant Officers were deposed over the course of April through June of 2008. Pursuant to an Order of this Court, the expert reports were due in **September** 2008. Plaintiff's deposition was noticed several times, yet the deposition did not go forward until **October** 21, 2008.

In addition, Defendants tried diligently to depose federal agents Lester Hayes, Ed Coderes, Thomas Miller, John Mulvey, Johnny Martin, Marc Gonzales and Ignacio Montez in August and September 2008. However, Defendants were forced to file a motion to compel against Immigration and Customs Enforcement ("ICE") and seek the assistance of the U.S. Attorney and Magistrate Judge Major before ICE would agree to let 5 of its agents be deposed as percipient witnesses in this case.[1] Consequently, the depositions of 6 of the 7 federal agents who worked on the surveillance operation with Plaintiff did not take place until late October, nearly two months after expert reports were due.[2]

---

[1] Gonzales and Montez are agents with U.S. Border Patrol, whose counsel was accommodating and permitted both agents to appear for deposition without delay.

[2] The deposition of agent Marc Gonzales took place on September 4, just one day prior to the due date for expert reports. Consequently, his depo

4829-2478-6693.1                          -4-

LEWIS BRISBOIS BISGAARD & SMITH LLP

(Rogan Decl., ¶¶ 5-9 and exhibits thereto.) However, Plaintiff fails to mention in his motion (although he knows full well) that Defense experts did not have the benefit of considering the deposition transcripts of Plaintiff or 7 federal agent percipient witnesses at the time their written reports were due.

Accordingly, Defendants' experts relied upon all the information and evidence available to them at the time expert reports and supplemental reports were due pursuant to the Case Management Order of this Court. With the exception of one memorandum, the ICE Operation Plan, and Plaintiff's limited medical and employment records, the lion's share of the evidence in this case which actually relates to the incident (rather than treatment for injuries or damages) was generated by the Defendant Officers and Chula Vista Police Department, so it is not surprising that the written opinions of Defendants' experts Lewinski, Pellegrino, and Bourgeois rely heavily on Defense records.

**b.    Plaintiff Misrepresents Facts Regarding Dr. Lewinski's Qualifications**

In addition, Plaintiff's assertions regarding the schooling, experience, and qualifications of Lewinski are absurd, erroneous and mislead the Court. Lewinski is a highly qualified and well respected expert on police conduct and behavior, as is plainly evident by his Curriculum Vitae, which Plaintiff appears to have selectively read. Notwithstanding, contrary to Plaintiff's assertion, Dr. Lewinski did not obtain his doctorate from an one year correspondence school, nor did he misrepresent his employment as a clinical psychologist, and he has never been disqualified as an expert in litigation because of his background or training. (See Declaration of Dr. Bill Lewinski ["Lewinski Decl.], filed concurrently herewith.)

Dr. Lewinski obtained his doctorate degree in police psychology after completing a three year program of study which included one year of full-time, in-class instruction, a second year of faculty directed study, and a third year of dissertation work, an intersnhip and research. (Lewinski Decl., ¶ 2.) Plaintiff also conveniently overlooks Lewinski's Masters Degree in Counseling obtained at the University of Arizona in 1979, and Bachelor of Arts degree in Psychology and Sociology obtained from Lakehead University in Ontario, Canada in 1967, all of which are plainly listed on Dr. Lewinski's Curriculum Vitae ("C.V."), which has been in Plaintiff's possession since September 2008.

4829-2478-6693.1                                    -5-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

Also listed on Dr. Lewinski's C.V. which Plaintiff also overlooks, are his numerous awards, employment, and publications relating to law enforcement, police psychology, and clinical psychology. Some of Dr. Lewinski's experience and accomplishments include the following:

- Completed a doctoral dissertation regarding crisis decision making in law enforcement;

- Staff member for the Minneapolis Police Department for several years;

- Appointed to National Commission on Law Enforcement Integrity in 2001;

- Appointed to the Peace Officer Advisory Board by Minnesota Commissioner of Public Safety in 2001;

- Member of National Advisory Board for Police Marksman Magazine;
- Honorary lifetime member of Minnesota Association of Law Enforcement Firearms Instructors;

- Invited to World Conference on Police Psychology at FBI Academy in 1985 to advise on how behavioral science can assist law enforcement agencies in fulfilling operational objectives;

- Department Chair of the Law Enforcement Program at Mankato State University for 5 years;

- Has been teaching courses in police stress, and police tactics at Minnesota State University for 18 years;

- Retained as a law enforcement consultant for the past 27 years;

- Served as an expert on at least 31 grand juries and in over 100 criminal and civil cases as well as arbitrations, across the country, in federal and state court, on cases which all relate to: police encounters involving the use of force, biomechanics of force encounters, effects of environment on decisions to shoot, action and reaction parameters for officers, pursuit policy, use of force, perceptual distortions in shooting situations, police management of emotionally disturbed individuals, felony stops, size and distance judgments by officers, internal affairs investigations, control and cuffing techniques, and police perception and reaction in force encounters.

- Published in peer-reviewed journals including the *Journal for the Association of Crime Scene Reconstruction* and *Law Enforcement Executive Forum*;

- Developed clinical program at Mankato State University resulting in a 4-year law enforcement degree program and police officer licensure program for the State of Minnesota.

(See Lewinski C.V. submitted by Plaintiff in support of his motion; See also, Lewinski Decl., ¶¶ 3-13.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

Most recently, Dr. Lewinski was appointed as an expert by the office of the Governor of New York for a special task force to review officer on officer shootings, particularly in circumstances similar to this case, when one office is acting undercover. (Lewinski Decl., ¶ 14.)

Additional misrepresentations in Plaintiff's motion to the Court include assertions that Dr. Lewinski has never completed any study that was peer-reviewed, has never been published in a peer-reviewed journal, and most egregiously, that his company website lists no studies or articles that have been peer-reviewed. Curiously, Plaintiff provides no authority or basis for these assertions. In reality, every article authored or co-authored by Dr. Lewinski or anyone at his firm, has been peer-reviewed and published in peer-reviewed journals. At least 15 articles are provided in full on Dr. Lewinski's website. (See Lewinski Decl., ¶ 5 and Exh. "1" thereto.)

Plaintiff also improperly attempts to disparage Dr. Lewinski in his motion by inferring that Dr. Lewinski either lied about his credentials or is lying about his work history wherein he was employed as a Clinical Psychologist prior to completing his Ph.D in police psychology. Again, Plaintiff conveniently overlooks that Lewinski had two degrees in counseling and psychology by 1979. His employment as a clinical psychologist began in 1970 in Canada. Contrary to Plaintiff's uninformed and improper inference, when practicing in Canada under the direction of a licensed psychologist, one is considered a Clinical Psychologist. (Lewinski Decl., ¶ 4.)

Plaintiff further attempts to discredit Dr. Lewinski based upon erroneous allegations that he was disqualified due to his experience or qualifications as an expert from two cases, *Miller, et al. v. City of Los Angeles, et al.*, EDCV 07-806-VAP (JCRx) and *Humphrey v. Leatherman*, 2004-cv-00339. In *Miller,* several experts had been designated to testify regarding the same or similar areas and the court therefore declined to permit Dr. Lewinski's testimony for that reason. (Lewinski Decl., ¶ 7.) In *Leatherman,* Lewinski's testimony relating to reconstruction was not permitted because at that time (2005), he was not qualified as a reconstruction expert. Since the *Leatherman* case, Dr. Lewinski has been qualified as a reconstruction expert. (Lewinski Decl., ¶ 6.)

Lewinski's doctorate degree, research, publications, and training are apparently sufficient to warrant a tenured position as professor in the Law Enforcement Program at Minnesota State

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

University, where Dr. Lewinski has been a professor for nearly thirty years. (See Curriculum Vitae submitted by Plaintiff in support of his motion; see also, Lewinski Decl., ¶¶ 9-10.)

Dr. Lewinski is plainly qualified to render an opinion in this case as he is a *behavioral psychologist* specializing in police psychology. That Lewinski may not have extensive experience as a law enforcement officer is not relevant to his qualification and ability to render an expert opinion regarding Defendant Officers reactions, perceptions, and the conduct of all parties. He has over thirty years of experience in the field. Defendants will not belabor the point any further than to say that Dr. Lewinski's C.V. and accompanying declaration clearly substantiates that his background, training, and qualifications are outstanding and his testimony is plainly relevant to the circumstances of this case.

Plaintiff's arguments that Dr. Lewinski's testimony is not relevant is without merit. Defendants' expert designation states that Dr. Lewinski's testimony will include (but not be limited to the circumstances surrounding the incident in question and judgments made in situations such as the instant case. His written opinion relates to the context of Plaintiff's behavior and the appropriateness of Defendant Officers' response to Plaintiff's conduct, which is plainly at issue in this case. Plaintiff's argument that Lewinski failed to consider Plaintiff's deposition and depositions of 7 other federal agent percipient witnesses is a serious misrepresentation to the Court and is without merit as Plaintiff refused to make himself available for deposition until late October when expert reports were due in early September. In addition. Defendants were forced to file a motion to compel the depositions of 5 of the federal agent witnesses and so were unable to take those depositions until late October as well. (See discussion in section "f" below.) Consequently, all experts (including Plaintiffs), did not have the benefit of reviewing these depositions prior to issuing their reports, a fact that Plaintiff is well aware of but neglects to disclose to the Court.

c.   **Sergeant Dale Bourgeois is Qualified and Provided a Relevant Opinion**

As a preliminary matter, Sgt. Dale Bourgeois is no longer employed by Chula Vista Police Department, but remains as a retained expert in this case. Again, Plaintiff's assertions that Bourgeois is "not qualified as an expert," has no specialized training regarding law enforcement tactics or procedure, and inference that Bourgeois is not qualified to discuss surveillance and undercover operations is baffling and a wastes of this Court's time. Plaintiff conveniently overlooks undisputed

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

qualifications outlined in Bourgeois' written opinion dated September 2, 2008, which includes but is not limited to:

- Bourgeois spent 4 years on surveillance operations with local and federal law enforcement agencies;

- Was a Supervisor of Special Investigations for Chula Vista Police Department for 4 years;

- Acted as Coordinator between Chula Vista Police Department and the federal Narcotics Information Network ("NIN"); and

- Completed numerous training courses in surveillance operations between 1991 and 2006.

-

(Bourgeois Case Opinion, submitted by Plaintiff as exhibit to motion.)

Plaintiff's arguments that Bourgeois' testimony should be excluded because his opinion is more expansive than indicated in Defendants' Rule 26 disclosure is unsupported by any legal authority warranting exclusion. The FRE do not set a standard for number of years' experience to determine an expert's qualification. Bourgeois' 13 years of law enforcement experience and supervisory positions provide him with specialized insight and knowledge regarding police procedure and critical issues relating to law enforcement (including incidents of law enforcement impersonation and counterfeit law enforcement equipment), regardless of whether or not he has written policy. This knowledge is not the type of knowledge that an ordinary juror without law enforcement experience will possess.

In addition, Plaintiff again argues that Bourgeois' opinion is not based upon facts. Bourgeois' written opinion is based upon the identical documents available to Plaintiff's expert, Roger Clark, in September 2008, when expert reports were due. If Bourgeois, and other Defense experts are not permitted to rely upon deposition transcripts and pleadings as a basis for their opinion, what does Plaintiff contend they should rely upon? Bourgeois did not have the benefit of relying upon Plaintiff's deposition because Plaintiff wouldn't make himself available prior to September 2008 when reports were due, and counsel for ICE refused to produce their agents for deposition prior to September as well, issues which are discussed more fully below.

Defendants' disclosure states that Bourgeois' testimony will include but is not limited to, undercover procedures, disclosure by an officer, use of a taser and use of force, all issues at the heart of this litigation, which are addressed in Bourgeois' written opinion.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

**d.     Pellegrino's Testimony and Opinion is Relevant and Based Upon Facts Available to Pellegrino At the Time Expert Reports Were Due**

Again, Plaintiff's bone of contention with Mr. Pellegrino's report is that he allegedly disregards Plaintiff's version of events by not considering the allegations in Plaintiff's complaint. First, the complaint was crafted by counsel rather than Plaintiff himself. Pellegrino and any other expert can and should give some consideration to pleadings, but Plaintiff provides no authority supporting the notion that Pellegrino's opinion must take the complaint as the truth.   Defendant Officers' depositions were given under penalty of perjury and are proper sources for the basis of an expert opinion. Pellegrino could not have considered Plaintiff's deposition testimony or that of the 7 federal agents working with Plaintiff on the night of the incident because the depositions did not take place prior to submission of initial and supplemental expert reports, a fact well known by Plaintiff but conspicuously absent from his motion.

Furthermore, if Plaintiff wished to know the bases for Pellegrino's opinions, he should have deposed Mr. Pellegrino, but he chose not to do so.

**e.     Dr. Kalish's Opinion Is Based Upon Plaintiff's Own Medical Records Which Do Not State Plaintiff Has Any Distress or Injuries Related to the Incident And Therefore is Relevant**

Plaintiff attempts to exclude Dr. Kalish's opinion and testimony because Plaintiff's medical records do not support that Plaintiff had any injuries or emotional distress related to the incident giving rise to this case, which is the basis of Dr. Kalish's opinion and which is key component of Plaintiff's damages claims. Dr. Kalish reviewed medical records from every treater and even the pharmacy which Plaintiff claims treated him for injuries, including Plaintiff's alleged emotional or psychological injuries. Dr. Kalish need not examine Plaintiff when Plaintiff's own doctor has not documented any injuries. It is clearly relevant for the jury to know that Plaintiff's medical records, as reviewed by another qualified practitioner, do not support a claim for emotional distress and damages related to same. Plaintiff provides no other justification or basis for excluding this otherwise qualified expert.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

**f.      Plaintiff Chose Not To Depose Defendants' Experts After Completion of All Party and Witness Depositions**

Finally, if Plaintiff felt that the written opinions of Lewinski, Bourgeois, Pellegrino and/or Kalish were incomplete or insufficient due to the absence of consideration by each expert of deposition testimony from Plaintiff and the 7 federal agents, he should have deposed each expert after completion of these depositions and inquired of each expert how, or if, the testimony affected their opinion of the case and the basis for their responses. Plaintiff complains in his motion that Defendants' experts conclude that Defendants' "version of the events giving rise to this litigation are true, while Plaintiff's if false" and that the Defense opinions are "one-sided." (Plaintiff's Motion, p. 2, ll. 15-16; p. 3, ll. 21-23.) This is grossly misleading. **Defendants' experts had no "version" from Plaintiff has he had not made himself available for deposition when expert reports (initial AND supplemental) were due.** (Rogan Decl., ¶¶ 2-9 and exhibits thereto.) Defendants' experts based their opinions on the only evidence available to them by September 2008: Plaintiff's complaint, ICE Operation Plan, Chula Vista Police Department Incident Reports and Call History Details, Deposition transcripts for Defendant Officers, Plaintiff's memorandum to his supervisor regarding the incident, Plaintiff's claim for damages submitted to the City of Chula Vista prior to litigation, and limited medical records.

When Defendants were scheduling the deposition of Plaintiff's expert in February 2009 (nearly four months after completion of all depositions), counsel for Defendants inquired as to when Plaintiff planned to depose Defendants' experts. Plaintiff stated that he did not plan to depose any Defense experts, and indeed, he never noticed any expert depositions. (Rogan Decl., ¶¶ 10-11.) Plaintiff knew that every expert report provided in September was written without the benefit of considering his own deposition testimony and that of his 7 peers (most of whom were present at the scene of the incident at some point and had conversations with Defendants). Plaintiff had the opportunity to investigate the potential effect that the testimony obtained *after* submission of expert reports might have on the opinions of Defendants' experts, but he chose not to do so, either out of sheer hubris or in contemplation of this baseless motion. Whatever his reason, the decision not to depose Defendants' witnesses was made at his own peril. The arguments Plaintiff now presents in support of his motion

LEWIS BRISBOIS BISGAARD & SMITH LLP

to exclude testimony from Lewinski, Bourgeois, Pellegrino and Kalish appear to be thinly veiled attempts to exclude proper, relevant testimony from highly qualified and respected experts which happens to be unfavorable to Plaintiff. Defendants should not be prejudiced by having their experts' testimony excluded because Plaintiff chose not to avail himself of expert discovery mechanisms and does not like the conclusions of Defendants' experts.

## II.   CONCLUSION

For the above stated reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

DATED: December 18, 2009          **LEWIS BRISBOIS BISGAARD & SMITH LLP**


By /s/ Peter L. Garchie
   Peter L. Garchie
   Karen L. Rogan
   Attorneys for Defendants,
   *CITY OF CHULA VISTA, CHULA VISTA POLICE DEPARTMENT, D. CLARK, G. ARMSTRONG, D. MARTINEZ, SERGEANT GUTHRIE*, and *SERGEANT FOBES*

LEWIS BRISBOIS BISGAARD & SMITH LLP

4829-2478-6693.1                          -12-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF BILL LEWINSKI, PH.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.

**FEDERAL COURT PROOF OF SERVICE**
File No. 07CV1272 WQH BLM
Lopez v. City of Chula Vista, et al

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West "C" Street, Suite 800, San Diego, California 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 18, 2009, I served the following document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF BILL LEWINSKI, Ph.D, DALE BOURGEOIS, E.J. PELLEGRINO AND MARK KALISH, M.D.**

**DECLARATION OF WILLIAM LEWINSKI, Ph.D IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERTS LEWINSKI, BOURGEOIS, PELLEGRINO AND MARK KALISH**

**DECLARATION OF KAREN ROGAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERTS LEWINSKI, BOURGEOIS, PELLEGRINO AND MARK KALISH**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| |
|---|
| **Attorney for Plaintiff** |
| Eugene Iredale, Esq. |
| 105 West "F" Street |
| San Diego, CA 92101-6036 |
| Phone:619-233-1525 |

The documents were served by the following means:

[ ]    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[ x ]    BY COURT'S CM/ECF SYSTEM  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 18, 2009 at San Diego, California.

_____
Christine Jordan

4841-0366-2850.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006