1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 **SOUTHERN DISTRICT OF CALIFORNIA**
8

9  SERGIO LOPEZ, an individual,                                  CASE NO. 07cv1272-WQH-BLM

10                                          Plaintiff,       **ORDER**
         vs.
11  CHULA VISTA POLICE
    DEPARTMENT, a municipal sub-agency
12  of the COUNTY OF SAN DIEGO, the
    CITY OF CHULA VISTA, a municipal
13  corporation, D. CLARK, an individual, D.
    MARTINEZ, an individual, Sergeant
14  GUTHRIE, an individual, Sergeant
    FOBES, an individual, and DOES 1-20,
15  inclusive,

16                                       Defendants.

17  HAYES, Judge:

18          The matters before the Court are the motions in limine filed by Plaintiff (Doc. # 82-83)

19  and Defendants (Doc. # 76-81).

20  **I.      Background**

21          This case is based upon the events of October 18, 2006, when Plaintiff, a special agent

22  of the Bureau of Immigration and Customs Enforcement, was conducting surveillance on a

23  suspected alien smuggling operation.  On that night, Plaintiff alleges that Defendant officers

24  Clark, Armstrong and Martinez stopped him and used excessive force; that Clark, Armstrong,

25  Martinez, Guthrie and Fobes improperly detained and falsely arrested him; that these

26  Defendants assaulted him, battered him, intentionally inflicted emotional distress, and by their

27  actions violated his Federal and State constitutional rights.  The following claims remain for

28  trial: (1) 42 U.S.C. § 1983 (false arrest/unreasonable detention); (2) 42 U.S.C. § 1983

1   (excessive force); (3) assault and battery; (4) intentional infliction of emotional distress; (5)

2   violation of California Civil Code § 52.1; and (6) negligence.  (Doc. # 113 at 2-3).

3        On December 11, 2009, Plaintiff filed two motions in limine (Doc. # 82-83), and

4   Defendants filed six motions in limine (Doc. # 76-81).  On December 18, 2009, the parties

5   filed their responses to the motions in limine.  (Doc. # 86-92).  On February 17, 2010, the

6   Court heard oral argument on the motions in limine.

7        A final pretrial conference is set for February 22, 2010, at 3:00 p.m.  The jury trial in

8   this matter shall begin on February 23, 2010, at 9:00 a.m.  (Doc. # 74 at 1, 3).

9   **II.    Discussion**

10       **A.    Motions in Limine to Exclude Expert Testimony**

11            **1.    Standard of Review**

12       An expert witness may testify at trial if the expert's "specialized knowledge will assist

13  the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.

14  A witness must be "qualified as an expert by knowledge, skill, experience, training, or

15  education" and may testify "if (1) the testimony is based upon sufficient facts or data, (2) the

16  testimony is the product of reliable principles and methods, and (3) the witness has applied the

17  principles and methods reliably to the facts of the case."  *Id.*; *see also Kumho Tire v.*

18  *Carmichael*, 526 U.S. 137, 141, 148-49 (1999).  Expert testimony is liberally admitted under

19  the Federal Rules.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993)

20  (noting that Rule 702 is part of the "liberal thrust of the Federal Rules and their general

21  approach of relaxing the traditional barriers to opinion testimony"); *see also* Fed. R. Evid. 702

22  advisory committee notes to 2000 amendments ("[R]ejection of expert testimony is the

23  exception rather than the rule.").

24       Expert testimony on police practices and the use of force has generally been found to

25  be admissible in cases involving allegations of police misconduct.  *See, e.g.*, *Smith v. City of*

26  *Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc); *Larez v. City of Los Angeles*, 946 F.2d

27  630, 635, 647 (9th Cir. 1991); *Davis v. Mason County*, 927 F.2d 1473, 1484-85 (9th Cir.

28  1991).  However, the "trial judge must ensure that any and all [expert] testimony or evidence

admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. "Concerning the reliability of non-scientific testimony ..., the *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (citations omitted). In such cases, the trial court's gatekeeping role under *Daubert* involves probing the expert's knowledge and experience. *See id.* at 1018.

"It is the proponent of the expert who has the burden of proving admissibility." *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). Admissibility of the expert's proposed testimony must be established by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592 n.10 (citation omitted).

### 2. Motion in Limine to Exclude the Testimony of (1) William Lewinski, (2) Dale Bourgeois, (3) Elmer Pellegrino, and (4) Mark Kalish

Plaintiff moves for the exclusion of four expert witnesses designated by Defendants.

#### a. William Lewinski

Dr. Lewinski is the director of the Force Science Research Center at Minnesota State University, Mankato, and has a Ph.D in Police Psychology from the Union Institute and University. According to his report, Dr. Lewinski is "an expert on action/reaction, perception, judgment and memory in force and lethal force encounters." (Doc. # 83-2 at 2). Dr. Lewinski's report consists of five paragraphs: in paragraphs one, four and five, he states opinions which include the conclusion that Plaintiff "act[ed] in a fashion that was atypical for a fellow law enforcement professional to behave" (*id.* at 3-4); in paragraph two, he states opinions related to "incidents of impersonation of a law enforcement officer by non-law enforcement persons" (*id.*); and in paragraph three, he states opinions related to the speed with which a "subject ... can pull that gun and fire" (*id*. at 4).

Plaintiff contends that Dr. Lewinski is not qualified to render an expert opinion in this case because his credentials are insufficient, and he has never held a position in law enforcement. Plaintiff contends that Dr. Lewinski's opinions are either outside his range of expertise, or they involve irrelevant matters.

1    Defendants contend that Plaintiff has misstated Dr. Lewinski's credentials, and his
2    testimony is relevant because it "relates to the context of Plaintiff's behavior and the
3    appropriateness of Defendant Officers' response to Plaintiff's conduct, which is plainly at issue
4    in this case." (Doc. # 87 at 8).

5    After reviewing the submissions of the parties, the Court **DENIES** in part and
6    **GRANTS** in part the Motion in Limine to exclude William Lewinski. (Doc. # 83). The Court
7    concludes that Dr. Lewinski is qualified to testify as to portions of paragraph three of his report
8    concerning the speed with which a "subject ... can pull that gun and fire." (Doc. # 83-2 at 4).
9    The Court denies Plaintiff's relevancy objection to this testimony without prejudice to renew
10   at trial. With respect to the remainder of Dr. Lewinski's opinions, the Court finds that
11   Defendants have failed to demonstrate that these opinions are within the range of Dr.
12   Lewinski's expertise and are sufficiently reliable to satisfy Rule 702. This finding is without
13   prejudice to Defendants examining Dr. Lewinski outside the presence of the jury to establish
14   an adequate foundation for his opinions pursuant to the standards of Rule 702.

15                              **b.    Dale Bourgeois**

16   Bourgeois is a former Sergeant with the Chula Vista Police Department who is being
17   offered as a "police expert ... [on] undercover procedures, appropriate disclosure by an
18   undercover officer and the use of a taser and the use of force in detention situation." (Doc. #
19   83 at 9).

20   Plaintiff contends that Bourgeois is not qualified as an expert because "he has no more
21   knowledge than any other [police] officer who has served in similar capacity for 13 years,
22   other than the fact that he attends conferences held by California Narcotics Officers
23   Association." (*Id.*) Plaintiff also challenges a number of Bourgeois' opinions. Defendants
24   contend that "Bourgeois' 13 years of law enforcement experience and supervisory positions
25   provide him with specialized insight and knowledge regarding police procedure and critical
26   issues relating to law enforcement." (Doc. # 87 at 9).

27   The Court concludes that, based upon Bourgeois' report and the submissions of the
28   parties, Bourgeois' opinions are sufficiently relevant and reliable to meet the standard of Rule

702.  To the extent Plaintiff challenges the accuracy or one-sided nature of Bourgeois'
conclusions, Plaintiff's "recourse is not exclusion of the testimony, but, rather, refutation of
it by cross-examination and by the testimony of [his] own expert witnesses."  *Humetrix v.
Gemplus*, 268 F.3d 910, 919 (9th Cir. 2001).  Plaintiff's Motion in Limine to exclude Dale
Bourgeois is **DENIED** without prejudice to renew at trial with respect to specific testimony.
(Doc. # 83).

### c.    Elmer Pellegrino

Pellegrino is offered as a "police practices expert" (Doc. # 83 at 10), who has opined
that Defendants' "actions were reasonable and conformed with the standard of training and the
accepted protocol within the law enforcement community" (Doc. # 83-4 at 7).  Plaintiff
contends that Pellegrino should be excluded because "[i]t is clear that no matter what actions
defendants took, Mr. Pellegrino would find a way to justify them," and Pellegrino "does not
state why or how he comes to his findings."  (Doc. # 83 at 11).

Based upon Pellegrino's report and the submissions of the parties, the Court concludes
that Pellegrino's opinions are sufficiently relevant and reliable to meet the standard of Rule
702.  To the extent Plaintiff challenges the accuracy or one-sided nature of Pellegrino's
conclusions, Plaintiff's "recourse is not exclusion of the testimony, but, rather, refutation of
it by cross-examination and by the testimony of [his] own expert witnesses."  *Humetrix*, 268
F.3d at 919.  Plaintiff may cross-examine Pellegrino regarding the factual assumptions
underlying his conclusions.  *See* Fed. R. Evid. 705.  Plaintiff's Motion in Limine to exclude
Elmer Pellegrino is **DENIED** without prejudice to renew at trial with respect to specific
testimony.  (Doc. # 83).

### d.    Mark Kalish

Dr. Kalish is a psychiatrist who reviewed certain of Plaintiff's medical records and
concluded: "There is nothing in the records provided thus far that would indicate that the
plaintiff suffers from any psychiatric condition or disorder as a result of the subject incident."
(Doc. # 83-5 at 2).  Plaintiff contends: "Dr. Kalish cannot testify to any issue in the case
because he did not examine Sergio Lopez.  The only thing Dr. Kalish has done is read

somebody else's medical records, at the end of which he could not draw any conclusions. His testimony should be excluded under Rule 403 as a complete waste of time." (Doc. # 83 at 12). Defendants respond that "[i]t is clearly relevant for the jury to know that Plaintiff's medical records, as reviewed by another qualified practitioner, do not support a claim for emotional distress and damages related to same." (Doc. # 87 at 10).

At oral argument, the parties addressed the medical records reviewed by Dr. Kalish. Dr. Kalish's report states: "In his responses to special interrogatories, the plaintiff describes his emotional injuries to include heightened stress and anxiety along with problems sleeping. He indicates that he has received psychotherapy treatment from Verlyn Morgan, ED, MA. The nature and extent of that treatment is not indicated. Psychotherapist Morgan's records have not been provided for my review." (Doc. # 83-5 at 2). Plaintiff contends that the only records reviewed by Dr. Kalish relate to Plaintiff's back injury, rendering Dr. Kalish's opinion irrelevant. Defendants' counsel indicated that Dr. Kalish was not provided with Morgan's psychotherapy records because Morgan did not respond to Defendants' subpoena until after the deadline for supplementing expert reports had passed. Defendants indicated that they received Morgan's records in late-2008, and Dr. Kalish has since reviewed those records. Defendants did not offer a reasonable explanation for why they failed to move for leave to supplement Dr. Kalish's report in a timely fashion.

After reviewing the submissions of the parties, the Court **DEFERS** ruling on the Motion in Limine to exclude Dr. Kalish until the conclusion of Plaintiff's case in chief. The parties shall not reference Dr. Kalish during opening statements.

### 3. Defendants' Motions in Limine No. 5 and No. 6 to Exclude the Testimony and Report of Roger Clark

Defendants move to exclude all testimony and the written report from Plaintiff's police procedures expert Roger Clark, or in the alternative, testimony and portions of the report from Clark "that relates to claims no longer before this Court, and testimony from Clark which is unsupported by factual evidence, is not based upon reliable principles or methods, is an opinion which the jury can arrive at without expert testimony or will not assist the trier of fact in resolving the ultimate issues in this case." (Doc. # 81 at 1-2).

Defendants contend that "a significant portion of Clark's opinion and testimony relate to claims no longer before this Court." (*Id*. at 2). Defendants contend that Clark's opinion is based upon the California Peace Officer Standards and Training ("POST"), which "relate to officer training but are not law with respect to elements of the remaining causes of action, and will not assist the trier of fact." (Doc. # 80 at 8). Defendants also dispute the accuracy or relevance of certain specific conclusions made by Clark.

Plaintiff contends that "Defendants ... confuse the issue of weight to be accorded the evidence with admissibility in the first instance" and the POST standards relied upon by Clark "set forth the 'standard of care' required of Defendants in this case." (Doc. # 92 at 3-4). Plaintiff concedes that "[b]ecause the *Monell* claims regarding supervision, training and discipline are no longer in the case, Plaintiff will agree to forego questioning Mr. Clark regarding the Department's failure to train, supervise and discipline these individual defendants." (*Id.* at 4-5).

Defendants' Motion in Limine No. 5 is **GRANTED** with respect to testimony about claims which were dismissed in the Court's summary judgment order. In all other respects, Defendants' Motion in Limine No. 5 is **DENIED** without prejudice to renew with respect to specific testimony at trial. (Doc. # 81). Based upon Clark's report and the submissions of the parties, the Court concludes that Clark's opinions are sufficiently relevant and reliable to meet the standard of Rule 702. Clark's reliance upon the POST standards is not a basis for the exclusion of his testimony. *See Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) ("Discussing whether the officers' conduct comported with law enforcement standards, the expert relied upon California's Peace Officer Standards and Training.... A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable.") (citations omitted). To the extent Defendants challenge the accuracy or one-sided nature of Clark's conclusions, Defendants' "recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of [their] own expert witnesses." *Humetrix*, 268 F.3d at 919. At oral argument, Plaintiff stated that he would not move for the admission of Clark's written report. Accordingly, Defendants' Motion in Limine No. 6 is

1    **GRANTED**.  (Doc. # 80).

2          **B.      Motion in Limine to Exclude Evidence Regarding False Credentials**

3          Plaintiff moves for the exclusion of the "26 categories of evidence related in some

4    fashion to false credentials or fake police IDs" which are designated as exhibits by Defendants

5    in the Pretrial Order.  (Doc. # 82 at 3).  Plaintiff contends that "the documents that were

6    produced or published after the incident could have no bearing on what happened during the

7    relevant time period."  (*Id.*)  Plaintiff contends that "Defendants have offered no witness who

8    can authenticate these documents" and "[t]he newspaper articles are entirely hearsay and

9    unduly prejudicial to the Plaintiff who has not been charged with carrying fake credentials."

10   (*Id*. at 4).

11         Defendants contend that "[t]he evidence Plaintiff seeks to exclude is highly relevant in

12   that it demonstrates a well-documented problem of counterfeit law enforcement equipment,

13   credentials, and officer impersonation and is critical to defense against Plaintiff's claims that

14   Defendant Officers were not justified in pulling Plaintiff's vehicle over or questioning his

15   conduct and refusal to identify himself properly to Defendant Officers."  (Doc. # 86 at 2).

16   Defendants assert: "That some of the bulletins or news stories are dated after 2006, is not

17   relevant to their admissibility.  The purpose of the evidence is to show that this is an ongoing

18   concern for officers."  (*Id*. at 5).  Defendants contend that the exhibits are either self-

19   authenticating or can be authenticated by Defendants' expert Dale Bourgeois.

20         Plaintiff's Motion in Limine to Exclude Evidence Regarding False Credentials is

21   **GRANTED**.  (Doc. # 82).  The Court concludes that, based upon the current record, the

22   documents are irrelevant and should be excluded pursuant to Federal Rule of Evidence 402.

23   This ruling is without prejudice to either party seeking leave of Court, outside the presence of

24   the jury, to admit a specific exhibit, provided a sufficient foundation can be established.

25         **C.      Defendants' Motion in Limine No. 1 to Exclude Evidence of Prior
             Litigation, Settlements, Claims, Incidents, Complaints and/or Investigations
26           of Alleged Excessive Force and Related Officer Conduct**

27         Defendants move to exclude evidence of, or reference to, "other litigation, settlements,

28   incidents, complaints, and/or investigations of officer conduct involving alleged use of

excessive force or the withdrawal of or use of a taser by Chula Vista Police Officers." (Doc. # 76 at 1). Defendants contend that this is irrelevant, prejudicial and improper character evidence, and there are no prior incidents which arise out of similar circumstances. Plaintiff contends: "While Plaintiff cannot appropriately respond to Defendants' Motion in Limine that does not articulate what evidence they move to exclude or explain the basis for the exclusion, prior bad acts must be admitted when appropriate when the evidence goes to the Defendants' intent or the issue of punitive damages." (Doc. # 88 at 4).

Defendants' Motion in Limine No. 1 is **DENIED** without prejudice to renew with respect to any specific incidents Plaintiff seeks to reference or introduce during trial. (Doc. # 76). Prior to referencing or eliciting evidence of any incidents which fall within the scope of Defendants' Motion in Limine No. 1, Plaintiff shall bring the matter to the Court's attention outside the presence of the jury. If Plaintiff intends to introduce any evidence which he contends is admissible pursuant to Federal Rule of Evidence 404(b), Plaintiff must file a memorandum detailing the evidence and specifying the purpose for which the evidence will be sought to be admitted. This memorandum must be filed no later than **February 19, 2010 at 5:00 p.m.**

### D. Defendants' Motion in Limine No. 2 to Exclude References to Any Damages Not Stated in the Final Pretrial Order

Defendants move to exclude any evidence of or reference to "any purported damages not stated in the Final Pretrial Order." (Doc. # 77 at 1). The Pretrial Order indicates that Plaintiff is seeking compensatory and punitive damages. (Doc. # 113 at 3). Defendants seek an order prohibiting Plaintiff from referencing any other type of damages, such as medical expenses–including the cost of surgery–and attorneys' fees.

Plaintiff contends that this motion is "moot" because Plaintiff does not seek medical expenses, and Plaintiff agrees not to introduce evidence of his attorney's fees at trial. (Doc. # 89 at 2). At oral argument, Plaintiff's counsel stated that he no longer intends to introduce any evidence of the cost of the medical care Plaintiff received.

Defendants' Motion in Limine No. 2 is **GRANTED**. (Doc. # 77). The issue of attorney's fees may be raised after trial.

1

2

**E.    Defendants' Motion in Limine No. 3 to Exclude Testimony that Plaintiff Was Justified or Permitted to Violate the California Vehicle Code**

3

4

Defendants move "for an Order precluding Plaintiff, his counsel, and his witnesses from

5

eliciting, introducing any evidence of, or making reference to, any purported excuse or

6

justification for Plaintiff's conduct on the night of the incident giving rise to this litigation,

7

including but not limited to violating California Vehicle Code section 21055, speeding,

8

running red lights, refusing to yield to officers in pursuit, and making illegal u-turns." (Doc.

9

# 78 at 1).  Defendants contend that Plaintiff did not meet the requirements of California

10

Vehicle Code § 21055.[1]  Defendants also contend that Plaintiff's status as a federal agent does

11

not exempt him from adhering to California State law.  Plaintiff contends that whether there

12

was a violation of the Vehicle Code is an issue of fact for the jury, and pursuant to the

13

Supremacy Clause of the U.S. Constitution, "a federal agent is immune from state traffic laws

14

if he is enforcing federal law and running a red light is reasonable in the circumstances." (Doc.

# 90 at 3).

15

Defendants move "for an Order precluding Plaintiff, his counsel, and his witnesses from

16

eliciting, introducing any evidence of, or making reference to, any purported excuse or

17

justification for Plaintiff's conduct on the night of the incident giving rise to this litigation,

18

including but not limited to violating California Vehicle Code section 21055, speeding,

19

running red lights, refusing to yield to officers in pursuit, and making illegal u-turns." (Doc.

20

# 78 at 1).  Defendants' Motion in Limine No. 3 is **DENIED** as vague and overbroad.  (Doc.

21

# 78).  This ruling is without prejudice to renew at trial with respect to any specific reference

22

to the California Vehicle Code or the Supremacy Clause of the U.S. Constitution.

23

//

24

25

[1]  The California Vehicle Code exempts authorized emergency vehicles from adhering to many driving regulations if the following conditions are present:

26

(a) If the vehicle is being driven in response to an emergency call or while engaged in rescue operations or is being used in the immediate pursuit of an actual or suspected violator of the law ....

27

(b) If the driver of the vehicle sounds a siren as may be reasonably necessary and the vehicle displays a lighted red lamp visible from the front as a warning to other drivers and pedestrians.

28

Cal. Vehicle Code § 21055.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      **F.**     **Defendants' Motion in Limine No. 4 to Exclude Evidence and Witnesses Not Disclosed by Plaintiff in His Rule 26 Pretrial Disclosures or Pretrial Order and to Limit Scope of Plaintiff's Use of Defense Evidence and Witnesses Disclosed Pursuant to Rule 26**

Defendants move to exclude witnesses "which Plaintiff failed to disclose in disclosures made pursuant to ... Rule 26 and/or which were not included in the Pretrial Order.  Defendants also seek to limit Plaintiff's use of evidence or witnesses properly disclosed by Defendants pursuant to Rule 26 and/or included in the Pretrial Order to the scope of use by Defendants." (Doc. # 79 at 1-2).  Defendants contend that they "will be prejudiced by Plaintiff's failure to properly disclose his intention to use any particular evidence or witnesses, as Defendants were denied the opportunity to depose or otherwise investigate the evidence and/or witnesses to discover information Plaintiff would use at trial."  (*Id.* at 4).  Plaintiff contends that this motion is "moot" because all of the witnesses and evidence Plaintiff intends to use at trial were either in Plaintiff's or Defendants' Rule 26 disclosures.  (Doc. # 91 at 2).

In the parties' Proposed Pretrial Order, submitted on September 28, 2009, Defendants raised this issue.  (Doc. # 113 at 5, 16-17).  The Court addressed Defendants' objections at the Pretrial Conference held on October 5, 2009.  (Doc. # 73).  The Court questioned Plaintiff and Defendants about whether Defendants would be prejudiced by Plaintiff introducing exhibits or calling witnesses designated solely by Defendants in their Rule 26 disclosures and the Pretrial Order.  *Cf.* Fed. R. Evid. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure ... is harmless.").  The Court concluded that Plaintiff had demonstrated that Plaintiff's use of exhibits or witnesses designated solely by Defendants would be harmless.

Based upon the current submissions of the parties, the Court again finds that Plaintiff has sufficiently shown that Defendants would not be prejudiced by Plaintiff introducing exhibits or calling witnesses designated by Defendants in their Rule 26 disclosures and the Pretrial Order.  *Cf.* Fed. R. Evid. 37(c).  Accordingly, to the extent Defendants' Motion in Limine No. 4 is based upon exhibits or witnesses which were designated by either Plaintiff or Defendants, the motion is **DENIED** without prejudice to renew with respect to any specific

evidence or witness during trial.  (Doc. # 79).  To the extent Defendants' Motion in Limine No. 4 is based upon exhibits or witnesses which were not designated by either party, the motion is **GRANTED**.

**III.    Conclusion**

IT IS HEREBY ORDERED:

(1) Plaintiff's Motion in Limine to exclude William Lewinski is **GRANTED** in part and **DENIED** in part.  (Doc. # 83).  This ruling is without prejudice to renew at trial, as explained above.

(2) Plaintiff's Motion in Limine to exclude Dale Bourgeois is **DENIED** without prejudice.  (Doc. # 83).

(3) Plaintiff's Motion in Limine to exclude Elmer Pellegrino is **DENIED** without prejudice.  (Doc. # 83).

(4) Plaintiff's Motion in Limine to exclude Dr. Kalish is **DEFERRED** until the conclusion of Plaintiff's case in chief.  (Doc. # 83).  The parties shall not reference Dr. Kalish during opening statements.

(5) Plaintiff's Motion in Limine to Exclude Evidence Regarding False Credentials is **GRANTED** without prejudice, as explained above.  (Doc. # 82).

(6) Defendants' Motion in Limine No. 1 is **DENIED** without prejudice.  (Doc. # 76). Prior to referencing or eliciting evidence of any incidents which fall within the scope of Defendants' Motion in Limine No. 1, Plaintiff shall bring the matter to the Court's attention outside the presence of the jury.  If Plaintiff intends to introduce any evidence which he contends is admissible pursuant to Federal Rule of Evidence 404(b), Plaintiff must file a memorandum detailing the evidence and specifying the purpose for which the evidence will be sought to be admitted.  This memorandum must be filed no later than **February 19, 2010 at 5:00 p.m.**

(7) Defendants' Motion in Limine No. 2 is **GRANTED**.  (Doc. # 77).

(8) Defendants' Motion in Limine No. 3 is **DENIED** without prejudice.  (Doc. # 78).

(9) Defendants' Motion in Limine No. 4 is **GRANTED** in part and **DENIED** in part.

1   (Doc. # 79).  This ruling is without prejudice to renew at trial, as explained above.

2          (10) Defendants' Motion in Limine No. 5 is **GRANTED** in part and **DENIED** in part.

3   (Doc. # 81).  This ruling is without prejudice to renew at trial, as explained above.

4          (11) Defendants' Motion in Limine No. 6 is **GRANTED**.  (Doc. # 80).

5

6   DATED:  February 18, 2010

7                                        **WILLIAM Q. HAYES**
                                         United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28